# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MACEO MELTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALASKA CAREER COLLEGE, INC.,<br>JENNIFER DIETZ, and DON DIETZ.<br><br>　　　　Defendants. | Case No. 3:15-cv-209 RRB<br><br>**<u>ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT<br>(DOCKET 12)</u>** |

Plaintiff, Maceo Melton, proceeding *pro se*, brought this suit against the Alaska Career College, Inc. ("ACC"), and Jennifer and Don Dietz (owners of ACC), alleging racial discrimination, retaliation for engaging in activities protected under Titles IV, VI, VII, and IX, sexual harassment, failure to prevent sexual harassment, intentional infliction of emotional distress, gender discrimination, deprivation of Federal rights under 42 U.S.C. § 1983, negligence, collusion, and malicious abuse of process.[1] Defendants have moved for summary judgment on all counts.[2] Plaintiff

---

[1] Docket 10-48 (First Amended Complaint).

[2] Docket 12.

has opposed the motion and Defendants filed a reply.[3] The Court, being fully advised, hereby **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** this matter in its entirety.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] The moving party bears the initial burden of proof for showing that no fact is in dispute.[5] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial.[6] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[7]

Under Federal Rules of Civil Procedure 56(e)(2), a district court can enter a summary judgment against a party that fails to oppose the issues raised in a motion for summary judgment if

---

[3] Docket nos. 30, 34 & 28. Additional briefing was filed at Docket 35.

[4] Fed. R. Civ. P. 56( c).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7] *Id., see also In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

it is appropriate to do so.[8] Such an action is deemed appropriate when the motion for summary judgment adequately contends that there are no triable issues of fact.[9]

**II. FACTS**

The facts are taken primarily from Plaintiff's First Amended Complaint.[10] Plaintiff, between February 2012 and February 2013, was a student at ACC in the Therapeutic Massage Program in Anchorage, Alaska. ACC received Federal financial assistance and was a private/for profit school/corporation doing business in Alaska. ACC is owned by Don and Jennifer Dietz. Plaintiff alleges that he was subjected to severe and pervasive sexual harassment by a female instructor, Samantha Russell, including sexist, racist, and otherwise inappropriate comments and text messages. Plaintiff complained of some incidents to the Dean of ACC and was told to address the problem directly with the instructor. However, after Plaintiff shared the sexually explicit text messages, ACC acted and two days later the instructor resigned. Plaintiff alleges that the instructor had a history of making sexually inappropriate comments in front of the class. Plaintiff complains that ACC had no clear written policies regarding sexual harassment. Plaintiff also complains that "at least one year prior to the incident involving Plaintiff, there were several other incidents and allegations involving ACC instructor Samantha Russell."[11] Plaintiff also alleges that he was subjected to retaliation and

---

[8] *Lopez v. Costco Wholesale Corp.*, 2009 WL 3246847, at *5 (E.D.Cal. Oct. 7, 2009).

[9] *Id.*

[10] Docket 10-48.

[11] Docket 31 at 4.

adverse actions, treatment, and conditions by the Defendant for engaging in activities protected under Title IX, Title IV, Title VI, and Title VII. He also alleges violations of Alaska Statute 14.18.010.

Although Plaintiff alleges that he was banned from campus, he conceded in his deposition that he was never actually asked to leave campus.[12] He alleges that he was not allowed to attend graduation, yet he conceded at his deposition that he chose not to attend graduation because he "didn't feel welcome."[13] Finally, he alleges being "blackballed" within the massage therapist employment network.

## III. DISCUSSION

Plaintiff suggests that "the fundamental basis for [his] complaint against the Defendants is the Defendant's failure to implement, abide by, and enforce Title VII of the Civil Rights act of 1968 and Title IX of the Education Act of 1972."[14] Defendants move for summary judgment on each Count in Plaintiff's Complaint.

### A. Retaliation, Adverse Actions, and Treatment for Engaging in Protected Activity and Whistleblower Activity - Titles IV, VI, VII and IX

**Title IV** primarily addresses desegregation in public schools and is applicable only to public schools. 42 U.S.C. § 2000c, et seq. Title IV is not applicable in the context of a private school such as ACC. **All counts related to Title IV are accordingly dismissed.**

---

[12] Docket 12-2 at 46.

[13] Docket 12-2 at 43.

[14] Docket 34 at 2.

**Title VI** provides that "[n]o person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[15] Plaintiff alleges a Title VI disparate treatment claim because he, a black student, was sexually harassed by a white teacher.[16] Plaintiff further complains that "ACC paid a 'white' male student an out-of-court settlement based on similar allegations against a former employee."[17] The Court agrees with Defendants that Plaintiff has failed to show a *prima facie* case of discrimination for the reasons discussed at Docket 12 at 18-24. There is simply no evidence that Plaintiff was treated differently than other massage therapy students or subject to discrimination by Defendants. **All Counts related to Title VI are accordingly dismissed.**

**Title VII** protects employees from discrimination based upon race or sex.[18] Defendants argue that Title VII is inapplicable here because Plaintiff was not an employee of ACC. However, Plaintiff argues that ACC was a postsecondary institution that provides "'hands-on' vocational training to its students."[19] Plaintiff's argument appears to be that his status as a student working for the school, which charged fees to clients for his services, renders Title VII applicable. However,

---

[15] 42 U.S.C. §2000d.

[16] Docket 10-48 at 56.

[17] Docket 10-48 at 48.

[18] 42 U.S.C. § 2000e-2.

[19] Docket 34 at 7.

> [w]here no financial benefit is obtained by the purported employee from the employer, no "plausible" employment relationship of any sort can be said to exist because although "compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, ... it is an essential condition to the existence of an employer-employee relationship."[20]

Here, students provided services to members of the public to further their practical skills, clients paid the clinic $30 to cover clinic expenses. No wages or employee benefits were provided to students.[21]

**Plaintiff was not an employee and therefore Title VII does not apply.**

**Title IX** states that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[22] The Supreme Court has held that "it would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of *respondeat superior* or constructive notice, *i.e.,* without actual notice to a school district official.[23] It is undisputed here that the teacher who sent the text messages to Plaintiff resigned two days after Plaintiff first brought the text messages to the attention of ACC. Plaintiff maintains that Title IX nevertheless applies here because ACC was not properly administering its responsibilities under Title IX.[24] Whether or not this is the case, however, is irrelevant to Plaintiff's underlying claims. Title IX does not allow damages for

---

[20] *O'Connor v. Davis*, 126 F.3d 112, 115-16 (2d Cir. 1997) (citations omitted).

[21] Docket 35 at 11.

[22] 20 U.S.C.A. § 1681.

[23] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998).

[24] Docket 34 at 14.

alleged violations of administrative requirements.[25] Rather, it requires a deliberate failure to curtail known harassment, *rather than the harassment itself*, in order for a school to be liable for the sexual harassment of a student by a teacher.[26] **Plaintiff's Title IX claims fail.**

With respect to Plaintiff's claim that he was retaliated against for "whistleblower activity," because he "reported possible violations of federal civil rights laws and mandates,"[27] it is unclear on what legal grounds Plaintiff seeks relief as a "whistleblower."[28] **The Court is unable to discern any protected whistleblower activity, and accordingly dismisses Plaintiff's Whistleblower claim.**

**B. Intentional Infliction of Emotional Distress**

Plaintiff alleges "actual or constructive knowledge of extreme and outrageous conduct" on the part of the Defendants, and that he "has suffered and will continue to suffer mental distress and anguish."[29]

Defendants move for summary judgment, arguing that Plaintiff fails to show evidence of "extreme and outrageous conduct," as required by Alaska law.[30] "Extreme and outrageous conduct" is defined as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond

---

[25] *See Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 292 (1998).

[26] *See Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 641 (1999).

[27] Docket 10-48 at 14.

[28] *See* Docket 12 at 27.

[29] Docket 10-48 at 19.

[30] Docket 12 at 33 (citing *Finch v. Greatland Foods, Inc.*, 21 P.3d 1282, 1288-90 (Alaska 2001)).

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[31] Defendant has failed to make a responsive argument to the motion for summary judgment on this issue. The Court finds that, absent further argument by Plaintiff, there is no indication that the harassment in this case was "beyond all possible bounds of decency." **The Intentional Infliction of Emotional Distress claim is dismissed.**

### C. Deprivation of Rights under 42 U.S.C. § 1983

Section 1983 does not apply here. Private entities are not state actors and are not subject to suit pursuant to § 1983. The question is whether the school's actions can be attributed to the State.[32] It is undisputed that ACC is a privately owned and privately operated institution.[33] "That a private entity performs a function which serves the public does not make its acts state action."[34] **Plaintiff's claim under §1983 is dismissed.**

### D. Negligence

Plaintiff seeks damages under common law for the Defendants' breach of the duty of care to protect Plaintiff from sexual harassment.[35] Defendants argue that Title IX outlines the school's obligation regarding conducting an investigation, and that Plaintiff's negligence claim as well (as

---

[31] 21 P.3d at 1289.

[32] *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

[33] *See* Docket 12 at 6; Docket 29-2 at 3.

[34] 457 U.S. at 842.

[35] Docket 10-48 at 23.

his claims for "collusion and fraud") are preempted by Title IX.[36] Plaintiff made no responsive argument in any of his pleadings. The Court finds that under *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, the Supreme Court "declined the invitation to impose liability under what amounted to a negligence standard . . . [concluding] that the district could be liable for damages only where the district itself intentionally acted in clear violation of Title IX."[37] **Plaintiff's common law negligence claims are dismissed.**

### E. Malicious Abuse of Process

Plaintiff alleges that Defendants "perverted" the Title IX investigation "to accomplish an ulterior purpose.[38] "Abuse of process" is a term of art. "The Restatement (Second) of Torts defines abuse of process as the misuse of a legal process against another primarily to accomplish a purpose for which it was not designed. Alaska law requires two elements for the claim:(1) ulterior purpose independent from the process, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."[39] Defendants argue that Plaintiff fails to allege any willful act by Defendants other than engaging in an investigation, which is "simply insufficient to bring a claim for abuse of process."[40] Plaintiff has not made a responsive argument. The Court finds that Defendants' act of starting an investigation, which culminated in the resignation of the offending

---

[36] Docket 12 at 34- 36.

[37] 526 U.S. 629, 642, 119 S. Ct. 1661, 1671, 143 L. Ed. 2d 839 (1999)

[38] Docket 10-48 at 24.

[39] *Greywolf v. Carroll*, 151 P.3d 1234, 1243 (Alaska 2007).

[40] Docket 12 at 37.

party, gives no indication of an "abuse of process," nor has Plaintiff identified how the investigation resulted in damages to him. **The Malicious Abuse of Process claim is DISMISSED.**

## IV. CONCLUSION

Plaintiff is not entitled to relief under Section 1983, Title IV, or Title VII because Defendant is a private school and not a state actor, and Plaintiff was not an employee of ACC.

Defendants are not liable for violations of Title IX. There is no private right of action for failing to publicize an effective policy and grievance procedure for sexual harassment claims. Also, there is no private right of action against individual Defendants Jennifer Deitz and Don Deitz for alleged violations of Title IX.

Plaintiff has failed to meet his burden of showing a prima facie case of racial discrimination. Plaintiff fails to show that he received worse treatment than that of a similarly situated student not in his protected class. There is no private right of action against Defendants Jennifer Deitz and Don Deitz for alleged violation of racial discrimination.

Plaintiff has failed to show any genuine issue of material fact regarding retaliation. Defendants are not liable for intentional infliction of emotional distress as the alleged acts of retaliation, taken in the light most favorable to the Plaintiff, are not so outrageous in character, or so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Plaintiff's claim for common law negligence is preempted by Title IX. Plaintiff fails to allege any facts to support a claim for fraud or malicious abuse of process.

**Defendants' Motion for Summary Judgment at Docket 12 is GRANTED.** There are no genuine issues of material facts and Defendants are entitled to judgment as a matter of law.

This matter is **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 4th day of April, 2016.

                                     S/RALPH R. BEISTLINE
                                     UNITED STATES DISTRICT JUDGE